UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SCOTT TERZICK,                                 Case No. 2:23-cv-03736

                                Plaintiff,     SECOND AMENDED ANSWER
                                                WITH COUNTERCLAIMS
       -against-                                      TO FIRST AMENDED
                                                  COMPLAINT

LN1, INC. d/b/a NILL BUILDING SOLUTIONS and
LANCE NILL,

                                Defendants.
-----------------------------------------------------------------x

       The Defendants, LN1, Inc. d/b/a Nill Building Solutions ("LN1") and Lance Nill, by their attorneys, Martin Silver, P.C., answering the Complaint of the Plaintiff herein, alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2", "3", "6", "7", "8", "9", "13", "15", "17", "32", "33", "40", "42", "51", "54" and "55" of the Complaint.

       2.     Admits the allegations contained in paragraphs "4", "10", "16" and "31" of the Complaint.

       3.     Denies each and every allegation contained in paragraphs "5", "12", "20", "22", "23", "24", "25", "26", "28", "29", "30", "34", "35", "36", "37", "38", "41", "43", "44", "45", "46", "47", "48", "50", "52", "53", "56", "57", "59", "60", "61" and "62" of the Complaint.

       4.     Denies each and every allegation contained in paragraph "11" of the Complaint except admits that LN1 is in the business of the sale of waterproofing attachment anchors and fasteners.

       5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "18", "19" and "21" of the Complaint except admits as to LN1.

6. Denies each and every allegation contained in paragraphs "14" and "27" of the Complaint except admits as to LN1.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "18", "19" and "21" except admits as to LN1.

8. Denies each and every allegation contained in paragraphs "14" and "27" except as to LN1.

### As and For a First Affirmative Defense

9. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought could be awarded.

### As and For a Second Affirmative Defense

10. Subject to proof through discovery, some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### As and For a Third Affirmative Defense

11. If Defendants are found to have failed to pay Plaintiff, as alleged in the Complaint, any amount due, which Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that their actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, and therefore, Defendants' actions were not willful or in reckless disregard of the New York Labor Law. Accordingly, Plaintiff is not entitled to liquidated damages under the New York Labor Law.

### As and For a Fourth Affirmative Defense

12. If Defendants are found to have failed to pay Plaintiff any amount due, which

Defendants deny, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset overpayments to Plaintiff against any judgment.

## As and For a Fifth Affirmative Defense

13. To the extent that Plaintiff may be able to state a claim, his alleged damages, if any, must be offset against the monies and benefits he received, including, but not limited to, the monies and benefits he received from LN1 and Lance Nill in lieu of rent in the sum of $1,800.00 per month for the apartment furnished by LN1 and Lane Nill for the approximate three-month period from August 2021 through October 2021.

## As and For a Sixth Affirmative Defense

14. Upon information and belief, Plaintiff worked for himself and/or employers other than Defendants during the relevant time period.

## As and For a Seventh Affirmative Defense

15. Upon information and belief, Plaintiff was improperly collecting unemployment benefits during the relevant period of time.

## As and For a Eighth Affirmative Defense

16. The Complaint fails to state a claim upon which pre-judgment or post-judgment interest may be granted.

## As and For a Ninth Affirmative Defense

17. Plaintiff's claims are barred, in whole or in part, by the de minimis doctrine.

## As and For a Tenth Affirmative Defense

18. Some or all of Plaintiff's claims are redundant and mutually exclusive of each other. Plaintiff's New York Labor Law claims, unjust enrichment claim, breach of contract claim and

promissory estopped cannot coexist.

### As and For a Eleventh Affirmative Defense

19. This Court does not have jurisdiction over some or all of Plaintiff's claims due to Plaintiff's failure to exhaust the administrative remedies as set forth in 8 USCA §1182(n) prior to commencing this action.

### As and For a Twelfth Affirmative Defense

20. Plaintiff's time, among others, allegedly spent travelling to Defendants' place of business and Plaintiff's place of employment, is not time in which he was entitled to compensation for such time.

### As and For a Thirteenth Affirmative Defense

21. Plaintiff worked as an independent contractor and otherwise for various third parties during the period of time in which Plaintiff was employed by Defendants and being compensated by Defendants and accordingly, did breach his obligation of good faith and loyalty to the Defendants and pursuant to the Faithless Servant Doctrine is barred from any recovery as alleged to in the Complaint.

### As and For a Fourteenth Affirmative Defense

22. Plaintiff alleged damages were offset by damages caused to Defendants by Plaintiff.

### As and For a Fifteenth Affirmative Defense

23. The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### As and For a Sixteenth Affirmative Defense

24. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

### As and For a Seventeenth Affirmative Defense

25. Plaintiff's claims are barred, in whole or in part, because of the fact that Plaintiff breached the terms of his agreement with LN1 and did not meet the requirements and expectations of LN1 and refused and failed to provide daily reports to the Defendant, Lance Nill, as many times requested by Lance Nill.

### As and For a Eighteenth Affirmative Defense

26. Plaintiff's claims are barred, in whole or in part, by equitable estoppel.

### As and For a Nineteenth Affirmative Defense

27. Plaintiff's claims are barred, in whole or in part, by unclean hands.

### As and For a Twentieth Affirmative Defense

28. Defendants are entitled to recoupment of funds misappropriated/illegally converted/unjustly obtained by Plaintiff.

### As and For a Twenty-First Affirmative Defense

29. Some of Plaintiff's claims are barred by the applicable statute of frauds.

### As and For a Twenty-Second Affirmative Defense
### As to Plaintiff's Prayer for Relief

30. Defendants deny that Plaintiff is entitled to any relief requested in the Complaint or any other relief.

### As and For a Twenty-Third Affirmative Defense
### As to General Denial

31. Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AS AND FOR LN1'S FIRST COUNTERCLAIM AND TWENTY FOURTH AFFIRMATIVE DEFENSE
### (Breach of Duty of Loyalty and Good Faith (Faithless Servant Doctrine))

32. That at all times mentioned herein, the Defendant, LN1, was a Domestic Limited Liability Company with a principal place of business at 67 Mariner Drive, Southampton, New York 11968.

33. That at all times mentioned herein, the Defendant, LN1, was in the business of the manufacture and sales of waterproof anchors and fasteners.

34. During the period of approximately fourteen months between August, 2020 and October, 2021, the Defendants was employed by LN1, at a salary of $1,000 per week plus commissions, if any.

35. That by reason of such employment, the Defendants did agree to use his "best efforts to sell the products" of the Defendant, and to aid in the development of the business of the Plaintiff.

36. By accepting such employment, the Plaintiff did agree to be loyal to the Defendant, LN1, and to exercise good faith and loyalty to his employer, the Defendant, not to act in any manner which was inconsistent with his duties of trust to the Defendant, LN1.

37. That by accepting such employment by LN1, the Plaintiff became obligated to be Loyal to his employer, LN1, and was, under the New York State common law, obligated to exercise the utmost good faith and loyalty in the performance of his duties.

38. That the Plaintiff did breach such obligation of good faith and loyalty to his employer, LN1, and did not, as required by law and his employment, devote his working hours

to the benefit of his employer but rather devoted his efforts, doing such working hours to other entities, including one known as, the "Barnett Gas Project" and/or the "Isabel Petroleum Barnett Shale Re-Development Project." (Together referred to herein as "The Barnett Project".

39. That the Plaintiff, during his working hours for the Defendant, LN1, did use the computers, servers and email address of the defendant, LN1 to, at various times, communicate and discuss with others his efforts on behalf of The Barnett Project.

40. The Plaintiff did acknowledge in said emails sent on the Defendant's email server by the Plaintiff to third parties that he was being compensated by others, or did expect to be compensated by others, in the expressed sum of approximately $800,000.00 for such efforts without obtaining any benefit whatsoever for his employer, the Defendant, LN1 who was compensating him for such time when he was actually spending such time and efforts to benefit others, including , but not limited to those others involved in the Barnett Project

41. At no time did the Plaintiff inform the Defendant of his work on behalf of the Barnett Project nor did the Defendants at any time receive, or did expect to receive, any benefit from such work of the Plaintiff.

42. That all such work of the Plaintiff performed on behalf of the Barnett Project was performed without the knowledge or consent of the Defendants.

43. Upon information and belief, the Plaintiff did further breach his duty of good faith and loyalty to his employer, LN1, when, during his working hours, while being compensated by LN1, he did supervise, and/or act as a contractor for at least one construction project, without any benefit to LN1.

44. That during the time of his employment, the Plaintiff was paid total compensation

by LN1 of approximately $60,000.00.

45. That by reason of the Plaintiff's performance of work for others including by use of the facilities and time of the Defendant, LN1, and otherwise, all while employed by the Defendant, LN1, he has breached his duty of loyalty and good faith to the Defendant, LN1, which breach, by reason of the "Faithless Servant Doctrine", entitles the Defendant, LN1 to recover the compensation of approximately $60,000.00, or such other sum as may be determined by the court, that the Defendant LN1 did pay to the Plaintiff, while the Plaintiff was employed by the Defendant LN1.

## AS AND FOR LN1'S SECOND COUNTERCLAIM
### (In the Alternative Unjust Enrichment)

46. Defendants repeat and reiterate each and every allegation contained in Paragraphs "32" through "42" of the Counterclaims with the same force and effect as if fully set forth herein.

47. As set forth above, through Plaintiff's employment with LN1, Plaintiff often used the time and resources of LN1 to provide services to others and to enrich himself.

48. Equity and good conscience require restitution.

49. Plaintiff's unlawful conduct had caused substantial injury to LN1 for which LN1 seeks compensatory damages, the cost of pursuing these Counterclaims together with LN1's reasonable attorney fees, and such other and additional relief as the Court may find just.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer to the Complaint with Counterclaims

and to assert additional defenses and/or supplement, alter, or change its Answer to the Complaint, Counterclaims and Affirmative Defenses upon completion of appropriate investigation and discovery.

WHEREFORE, Defendants respectfully request that the Court:

(a) dismiss the Complaint in its entirety and with prejudice;

(b) deny each and every request for relief set forth in the Complaint;

(c) award Defendants their reasonable attorney fees, costs and expenses in defending this action and pursuing the counterclaim;

(d) award judgment to the Defendants against the Plaintiff in the sum of $60,000.00, or such other sum as may be determined by the Court to be due to the Defendants under the Faithless Servant Doctrine, and,

(e) award Defendants any other relief the Court deems just and proper.

Dated: Hauppauge, New York
October    , 2023

MARTIN SILVER, P.C.

_____
Martin Silver, Esq.
Attorneys for Defendants
330 Motor Parkway, Suite 201
Hauppauge, New York 11788
(631) 435-0700

TO: BROWN KWON & LAM, LLP
Attorneys for Plaintiff
521 Fifth Avenue, 17th Floor

New York, New York 10175
(212) 295-5828