**BROWN KWON & LAM, LLP**
William Brown, Esq. (WB2108)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT TERZICK,<br><br>      **Plaintiff,**<br> - against -<br><br>LN1, INC.<br>d/b/a NILL BUILDING SOLUTIONS, and LANCE NILL,<br>      **Defendant.** | Case No: 2:23-cv-3736(RPK)(JMW)<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff SCOTT TERZICK ("Plaintiff"), upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Complaint against Defendants, LN1, INC d/b/a Nill Building Solutions (hereinafter "Corporate Defendant" or "NBS"), and LANCE NILL (hereinafter, "Individual Defendant" or "Nill" and together with the Corporate Defendant, "Defendants"), and allege as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, and Article 9 of the New York Civil Practice Law and Rules ("CPLR"), seeking declaratory, injunctive and equitable relief, and monetary damages, including: (1) unpaid minimum and overtime wages, (2) liquidated damages (3) compensatory and punitive damages for retaliation (4) statutory penalties, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pusuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction.

3. Plaintiff is a citizen of the State of Arizona.

4. Defendants are citizens of the State of New York.

5. Plaintiff's alleged monetary damages exceed $75,000.00.

6. Jurisdiction is proper in the State of New York because the events giving rise to the causes of action herein took place in the State of New York.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff*

8. Plaintiff SCOTT TERZICK is an adult who resides in Arizona.

9. Plaintiff SCOTT TERZICK was a covered employee within the meaning of the NYLL.

*Defendant*

*LN1, INC.*

10. Defendant LN1, INC. d/b/a Nill Building Solutions, is a domestic business corporation organized under the laws of the State of New York with a principal place of business and address for service of process located at 67 Mariner Drive, Southampton, New York 11968.

11. NBS is construction supplies company that specializes in the sale of waterproofing attachment anchors and fasteners.

12. At all relevant times, Defendants operated NBS through Defendant LN1, INC.

13. Defendant LN1, INC is a covered "employer" within the meaning of the NYLL.

14. Defendant LN1, INC employed Plaintiff throughout the relevant period.

15. At all relevant times, Defendant LN1, INC. maintained control, oversight, and direction over Plaintiff including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

*LANCE NILL*

16. At all relevant times, Individual Defendant LANCE NILL was the owner, President and/or Chief Executive Officer of NBS.

17. Individual Defendant LANCE NILL was Plaintiff's "employer" within the meaning of the NYLL.

18. At all relevant times, Individual Defendant LANCE NILL was directly involved in managing the operations at NBS.

19. At all relevant times, Individual Defendant LANCE NILL had authority over personnel or payroll decisions and employment policies, practices and procedures at NBS.

20. At all relevant times, each Defendant had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

21. At all relevant times, Defendants were and continue to be employers within the meaning of the NYLL.

## STATEMENT OF FACTS

22. Mr. Terzick was employed by NBS as the Vice President of Business Development from on or around August 19, 2020, until the termination of his employment on or around October 8, 2021.

23. During his approximately one-year tenure, Mr. Terzick was instrumental to the growth and success of NBS. Despite his outstanding work performance, Mr. Terzick was unceremoniously terminated without cause in October 2021, just weeks before a significant amount of his commissions were set to be vested.

24. Mr. Terzick's primary duties included recruiting and hiring new employees, creating and implementing NBS' sales and business development strategies, and developing strategic relations with vendors and customers.

25. Mr. Terzick's decision to accept employment at NBS was premised on a number of representations that were made to him regarding his position, responsibilities and compensation. In fact, Mr. Terzick made a number of significant personal sacrifices in order to work at NBS, including purchasing a car for the daily hours long commute from Manhattan to Southampton, working extremely long hours, and placing his personal and professional reputation on the line for the company.

26. Mr. Terzick was at all relevant times acting in reliance on the representations that Mr. Terzick would earn a fair share of the financial success of NBS which were attributable to Mr. Terzick's efforts.

27. Specifically, upon commencement of employment with NBS, Claimant signed a commission agreement in which he would receive 10% of the profits on all his sales.

28. As it took about a year for the commissions to be "earned" pursuant to the commission agreement, a large amount of his commissions were due to be paid in November and December 2021.

29. However, Mr. Terzick was terminated without cause in October 2021 as part of an effort to deprive him of those commissions.

30. Thus, Defendants were unjustly enriched at the expense of Plaintiff and are in breach of the implied covenant of good faith and fair dealing. As a direct result of Respondent's conduct, Mr. Terzick suffered damages of at least $100,000.

31. Furthermore, in addition to the commission structure above, Plaintiff was initially paid a fixed weekly salary of $1,000, however, starting around June 2021, Plaintiff's pay was cut to $750 per week.

32. Starting on December 31, 2020, for an employer to claim an exemption to the New York State overtime requirements for executive and administrative employees, employer located in Suffolk Count, must pay such employees a salary of at least $54,600 or $1,050.00 per week.

33. Thus, from December 31, 2020 until the termination Plaintiff's employment on October 8, 2021, Plaintiff did not qualify as an "exempt employee" and Defendants were required to pay overtime premiums equal to 1.5x Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours each workweek.

34. In typical work week, Plaintiff would begin working around 9:00 a.m. and continue working until around 6:30pm to 8:00 p.m. five days per week. Furthermore, each day Plaintiff would work through his lunch. Additionally, on about a third of workdays Plaintiff worked during his 2-hour commute from Manhattan to South Hampton and about 60% of workdays he would work on his commute home by taking work calls. On such days, Plaintiff would therefore work up to an additional four hours. Plaintiff also worked every other Saturday for about four hours. Plaintiff therefore generally worked between 50 to 70 hours per week.

35. Due to the number of hours worked, in most weeks, Plaintiff's regular hourly rate fell below the New York statutory minimum wage rate.

5

36. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff all due overtime wages in violation of the NYLL.

37. Throughout Plaintiffs' employment with Defendant, Plaintiff did not receive proper notices of pay rate or pay day from Defendant at hire or before the changes in pay, as required under the NYLL.

38. Throughout Plaintiff's employment with Defendant, Plaintiff did not receive proper wage statements from Defendant for each pay period worked.

## STATEMENT OF CLAIM

## COUNT I

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE NYLL

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

41. Defendants failed to pay Plaintiff all due wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

42. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff the full minimum wage at a rate of a) $13.00 per hour for all hours worked from December 31, 2019 through December 30, 2020, and (b) $14.00 per hour for all hours worked from December 31, 2020 through December 30, 2021.

43. Defendants failed to pay Plaintiff an hourly rate of at least the New York State statutory minimum wage rate.

44. Defendant failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) per workweek, to which he is entitled under the NYLL.

45. Defendants failed to furnish Plaintiff with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

46. Defendants failed to furnish Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

47. Defendants failed to properly disclose or apprise Plaintiff of his rights under the NYLL and the supporting New York State Department of Labor Regulations.

7

48. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid wages, overtime wages, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## COUNT II

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff and the Defendants entered into an agreement regarding the payment of Plaintiff's commissions (hereinafter, "Commission Agreement").

51. The Commission Agreement is a binding and enforceable contract.

52. Plaintiff at all times performed in good faith pursuant to the Commission Agreement.

53. Plaintiff through his good faith performance under the Commission Agreement was entitled to receive commissions and salary.

54. Defendants owed plaintiff the duty of good faith and fair dealing that inheres to every contract.

55. Plaintiff reasonably believed, and was justified in understanding, that Defendants would perform under the Commission Agreement and pay him the commissions he earned.

56. Defendants injured the right of Plaintiff to receive the fruits of his performance under the Controlling Agreements by orchestrating a scheme to deprive Plaintiff of earned commissions.

57. As a direct and proximate result of Defendants breach of the implied covenant of good faith and fair dealing, plaintiff has suffered harm for which he is entitled to an award of an amount to be determined at trial, together with interests and costs.

## COUNT III

## **UNJUST ENRICHMENT**

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Through his efforts, Plaintiff generated a significant amount of business for Defendants during the more than one year period in which he was employed by them with the understanding that he would earn a percentage of those profits.

60. In fact, Plaintiff was largely responsible for building NBS from the ground up, and much of its current success is directly attributable to Plaintiff's efforts.

61. Despite the significant benefits Plaintiff provided to Defendants, Defendants intentionally terminated Plaintiff's employment immediately prior to the vesting of his earned commission.

62. As a result, Defendants have been unjustly enriched at Plaintiff's expense. Defendants therefore seek damages equal to the amount Plaintiff would have received in commissions had his employment not been unjustifiably terminated in an amount not less than $100,000.

9

## COUNT IV

## <u>RETALIATION IN VIOLATION OF THE NYLL</u>

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

65. Defendants retaliated against Plaintiff on the basis of his protected activities in violation the NYLL by filing on public docket meritless counterclaims containing false and injurious allegations to harass, humiliate, intimidate, and damage Plaintiff's professional and personal reputation.

66. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

67. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

68. At all times, Defendants' unlawful discriminatory conduct was knowing, malicious, willful, and/or in reckless disregard of Plaintiff's protected rights under the NYLL, for which he is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. An award of unpaid minimum and overtime wages pursuant to the NYLL;

b. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to the NYLL;

c. Statutory penalties for Defendants' failure to provide Plaintiff with proper wage notices, as required by the NYLL;

d. Statutory penalties for Defendants' failure to provide Plaintiff with proper wage statements, as required by the NYLL;

e. Compensatory, liquidated and punitive damages for Defendants' retaliatory conduct;

f. Damages for Defendants breach of the covenant of good faith and fair dealing;

g. Damages for unjust enrichment;

h. Pre-judgment and post-judgment interest;

i. Reasonable attorneys' fees and costs of this action;

j. A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

k. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 15, 2023            Respectfully submitted,

                                                    **BROWN KWON & LAM, LLP**

                                  By:    */s/ William Brown*

                                                    William Brown, Esq. (WB2108)
                                                    521 Fifth Avenue, 17th Floor
                                                    New York, NY 10175
                                                    Tel.: (212) 295-5828
                                                    Fax: (718) 795-1642
                                                    wbrown@bkllawyers.com
                                                    *Attorneys for Plaintiff*