UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------ X

SCOTT TERZICK,

                Plaintiff,                                  *SUA SPONTE*
                                                                         **REPORT AND**
                                                                         **RECOMMENDATION**
                                                                         23-CV-03736 (RPK) (JMW)

        -against-

LANCE NILL, INC., *et al*,

                Defendants.
------------------------------------------ X

**WICKS,** Magistrate Judge:

      Plaintiff, Scott Terzick, commenced this case against Defendants Lance Nill, Inc. (doing business as Nill Building Solutions) ("NBS"), Lance Nill, and LN1, Inc. (doing business as Nill Building Solutions) alleging violations of the New York Labor Law, Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*. as well as claims of breach of implied covenant of good faith and fair dealing, and unjust enrichment. (ECF No. 20.) Plaintiff, however, has since passed away. There has been no motion for substitution filed on Plaintiff's behalf and the time to file such a motion has since passed. For these reasons, the undersigned now respectfully recommends to the Hon. Rachel P. Kovner that this case be dismissed pursuant to Fed. R. Civ. P. 25(a)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff was employed by NBS as the Vice President of Business Development from August 19, 2020 until his termination on October 8, 2021. (ECF No. 20 at ¶ 22.) He was responsible for "recruiting and hiring new employees, creating and implementing NBS' sales and business development strategies, and developing strategic relations with vendors and customers." (*Id.* at ¶ 24.) He allegedly accepted the position based on what he was told about his

1

compensation and job responsibilities. (*Id.* at ¶ 25.) Plaintiff signed a commission agreement in which he was to receive 10% of the profits on all sales. (*Id.* at ¶ 27.) During his tenure with NBS, Plaintiff contends that he contributed significantly to the company's growth but was terminated shortly before his commissions were to be vested. (*Id.* at ¶ 23.) As a result of Defendants' conduct, Plaintiff "suffered damages of at least $100,000." (*Id.* at ¶ 30.) In addition to this non-payment of commission, Plaintiff also claims his weekly salary was cut from $1,000 to $750 around June 2021 and that he did not receive his appropriate overtime wages for hours worked over forty (40) per workweek. (*Id.* at ¶¶ 31-33.)

The undersigned held court conferences with the parties, setting dates for discovery. (ECF Nos. 9 and 22.) Plaintiff then filed a series of amended complaints (ECF Nos. 13 and 20). Defendants responded with counterclaims, including alleging that Plaintiff was a faithless servant and was unjustly enriched. (ECF Nos. 14, 17, 19, and 23.)

On February 6, 2024, Plaintiff's counsel filed a letter to the Court indicating that Plaintiff passed away and requested that the case be stayed to allow time to determine whether Plaintiff's counsel's firm would be representing Plaintiff's estate. (ECF No. 24.) The undersigned denied the motion to stay, stating that Plaintiff's counsel's firm cannot be substituted in place of Plaintiff for this case and further cannot file a motion for substitution unless that attorney is hired by the administrator of the deceased's estate. (*See* Electronic Order dated Feb. 7, 2024.) Plaintiff's counsel was terminated as counsel for Plaintiff. (*See id.*) The Court also ordered that, pursuant to Rule 25, any motions for substitution must be filed by May 7, 2024. (*See id.*) The 90 days have now elapsed and no motions for substitution have been filed. Counsel for Defendant also has not heard from any prospective counsel.

2

A status conference to discuss the status of the case with the parties was set for May 10, 2024. (Electronic Order dated May 8, 2024.) No individual appeared on Plaintiff's behalf at the May 10th status conference. Defendants' counsel did, however, represent to the Court that Plaintiff's former counsel could not get in touch with any of Plaintiff's family members to be substituted for this case. (ECF No. 26.) As such, Plaintiff's former counsel said he would "just let the case go." (*Id.*) Nothing appears on the court docket indicating any appearance or motion for substitution is forthcoming.

## **DISCUSSION**

Fed. R. Civ. P. 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Following a filing of a suggestion of death, any party or the decedent's successor or representative may make a motion for substitution. *Id.* However, if the motion is not made within 90 days after the suggestion of death, "the action by or against the decedent *must be dismissed.*" *Id.* (emphasis added).

On February 7, 2024, the Court issued an Order regarding the suggestion of death and any anticipated motions for substitution for Plaintiff. (*See* Electronic Order dated Feb. 7, 2024.) The Court ordered that the motion to substitute Plaintiff be filed by May 7, 2024. (*Id.*) However, to date, no such motion has been made. In addition, no individual appeared on Plaintiff's behalf at the status conference held on May 10, 2024. The case should consequently be dismissed on this basis. *See Nieves v. New York State Office of Mental Health*, No. 20-cv-9502 (GHW), 2022 U.S. Dist. LEXIS 217767, at *1 (S.D.N.Y. Dec. 2, 2022) (dismissing case upon failure to file motion for substitution pursuant to Rule 25).

Although "the Court has discretion to extend the 90-day period for filing a motion for substitution," no such extension is warranted here. *Baskerville v. Hunter,* No. 21-CV-04582

3

(HG) (JRC), 2023 U.S. Dist. LEXIS 19936, at *4-5 (E.D.N.Y. Feb. 6, 2023). Defendants' counsel stated that Plaintiff's former counsel could not locate any individual to substitute Plaintiff in this matter. (ECF No. 26); *see Baskerville,* 2023 U.S. Dist. LEXIS 19936 at *5 (finding no good cause to extend the time period further since plaintiff's daughter was served with the suggestion of death and no motion for substitution was filed); *see also Hull v. United States,* No. 22-cv-01084 (TJM) (TWD), 2023 U.S. Dist. LEXIS 179572, at *1-2 (N.D.N.Y. Oct. 5, 2023) (dismissing case because more than 90 days passed since the suggestion of death was filed and no motion for substitution was made and no request for an extension of time to file the motion was received).

Accordingly, in light of these circumstances, the undersigned recommends to Judge Kovner that this case be dismissed under Fed. R. Civ. P. 25(a)(1) for failure to file a motion for substitution. *See Levin v. Johnson & Johnson*, No. 16-CV-06631 (JMA) (JMW), 2023 U.S. Dist. LEXIS 126172, at *3-4 (E.D.N.Y. July 21, 2023) (granting defendant's motion to dismiss the case upon a failure to file a motion for substitution within the allotted time set forth by the undersigned); *Vail v. Smith,* No. 12-CV-0234 (GTS) (RFT), 2015 U.S. Dist. LEXIS 22396, at *2, 12 (N.D.N.Y. Feb. 25, 2015) (adopting recommendation that claims be dismissed against defendant because plaintiff failed to file a motion for substitution within 90 days of defendant's death).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed pursuant to Fed. R. Civ. P. 25(a)(1).

## OBJECTIONS

Defendants' counsel is directed to serve a copy of this Report and Recommendation on Plaintiff's former counsel on or before **May 15, 2024**. Any written objections to this Report and

Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
        May 10, 2024

                                                  **RESPECTFULLY RECOMMENDED:**

                                                  /s/ *James M. Wicks*

                                                        JAMES M. WICKS
                                              United States Magistrate Judge